## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Apr 30 2018, 8:57 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

ATTORNEY FOR APPELLANT

Cynthia P. Smith
Law Office of Cynthia P. Smith
Lafayette, Indiana

ATTORNEYS FOR APPELLEE

Curtis T. Hill, Jr.
Attorney General of Indiana

Ian McLean
Deputy Attorney General
Indianapolis, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

S.W.,

*Appellant-Respondent,*

v.

State of Indiana,

*Appellee-Petitioner.*

April 30, 2018

Court of Appeals Case No.
79A05-1712-JV-2915

Appeal from the Tippecanoe
Superior Court.
The Honorable Faith A. Graham,
Judge.
Trial Court Cause No.
79D03-1610-JD-206

**Shepard, Senior Judge**

[1]     S.W. appeals the juvenile court's modification of a dispositional order, in which the court terminated his probation and sent him to the Indiana Department of Correction. We affirm.

[2] In October 2016, the State filed a petition alleging sixteen-year-old S.W. to be a delinquent child for acts that, if committed by an adult, would have amounted to child exploitation, a Level 5 felony, and possession of child pornography, a Level 6 felony. S.W. had taken nude pictures of his fifteen-year-old then-girlfriend and later shared them with a fellow student.

[3] In December 2016, the juvenile court issued a true finding as to the act of child exploitation. The court committed S.W. to the Department of Correction but suspended the commitment and placed him on supervised probation. Among other terms, S.W. was required to complete a sexually maladaptive behavior treatment program, submit to polygraph examinations, refrain from possessing or consuming illegal substances, and refrain from possessing pornography.

[4] On August 21, 2017, S.W. submitted to a polygraph examination and failed. He admitted at the end of the examination that he had consumed marijuana and Xanax while on probation. On August 28, 2017, the State filed a motion to modify the court's dispositional decree, requesting a hearing. During a subsequent hearing, S.W. admitted to violating the terms of his probation.

[5] In November 2017, S.W. submitted to another polygraph examination and passed, but he also made several disclosures. He admitted to the examiner that he had continued to consume marijuana and Xanax. S.W. also admitted he had exchanged nude photographs with his underage girlfriend. The State provided this information to the juvenile court during a modification hearing.

The court modified its dispositional decree by granting wardship of S.W. to the DOC. This appeal followed.

[6] S.W. first challenges the use of his polygraph test results and statements to his case manager in the modification proceeding. By statute, a juvenile's statements to an evaluator may be admitted as evidence against the juvenile in proceedings to modify a dispositional decree. Ind. Code § 31-37-8-4.5 (2007).[1] Indiana Code section 31-32-2-2.5 (2007) contains similar language. S.W. argues Indiana Code section 31-37-8-4.5 violates his Fifth Amendment privilege against self-incrimination.

[7] S.W. concedes he did not present his constitutional claim to the juvenile court. Setting aside issues of waiver and fundamental error, we conclude the admission of S.W.'s statements did not violate his Fifth Amendment rights. In *State v. I.T.*, 4 N.E.3d 1139 (Ind. 2014), the Indiana Supreme Court held a juvenile's incriminating statements to a therapist could not be used against him or her in a new delinquency petition. On the other hand, a juvenile's statements to an evaluator may be used in proceedings to modify a dispositional decree without raising issues of self-incrimination. The Court reasoned, "modifying disposition merely adjusts the rehabilitative services ordered in connection with a delinquency determination that has already been made. . . .

---

[1] Indiana Code section 31-9-2-43.8 (2007) defines an "evaluator" for purposes of Indiana Code section 31-37-8-4.5 as "a person responsible for providing mental health screening, evaluation, or treatment to a child in connection with a juvenile proceeding or juvenile probation proceeding."

[T]he juvenile's statement is used only to better tailor services to their particular needs, and thus to promote their rehabilitation." *Id.* at 1146-47. *See also Bussberg v. State*; 827 N.E.2d 37 (Ind. Ct. App. 2005) (use of defendant's statements during probation revocation hearing did not violate Fifth Amendment; probation proceedings are civil in nature); *trans. denied*.

[8]  The State did not seek to file a new delinquency petition against S.W. for his admissions of wrongdoing. Instead, the State simply asked the court to modify the dispositional order. S.W.'s statements were used to tailor a placement to better serve his rehabilitative needs in compliance with Indiana Code section 31-37-8-4.5, not to place him in further criminal jeopardy. We cannot conclude the juvenile court violated his Fifth Amendment rights.

[9]  Next, S.W. claims the juvenile court erred in granting wardship to the DOC rather than keeping him on probation. A juvenile court must place a delinquent child in the "least restrictive" setting possible "[i]f consistent with the safety of the community and the best interest of the child." Ind. Code § 31-37-18-6 (1997). Subject to statutory requirements, we review the juvenile court's disposition for an abuse of discretion. *K.S. v. State*, 849 N.E.2d 538 (Ind. 2006). An abuse of discretion occurs when the court's action is clearly erroneous and against the logic and effect of the facts and circumstances or the reasonable, probable, and actual deductions to be drawn therefrom. *D.B. v. State*, 842 N.E.2d 399 (Ind. Ct. App. 2006).

[10]  The juvenile court imposed a more restrictive disposition in this case, stating:

Court enters disposition as stated herein for the following reason(s):

[S.W.] has been offered extensive services through the Juvenile Justice System. He has had placement in the Department of Corrections [sic] suspended on two occasions. [S.W.] was recently unsuccessfully discharged from community based sexual offender program through Families United.

Court finds the following services have been offered:

supervised probation, random drug screens, placement in secure detention, placement on house arrest with intensive supervision, aggression replacement training (ART), community service, random drug screens, substance use disorder assessment, individual counseling, placement in emergency shelter care on two occasions, home detention with electronic GPS tracking on five occasions, home based case management, placement at Lutherwood Residential Facility, sexual offender treatment at Families United, and placement at the Department of Corrections, suspended.

Court finds said disposition consistent with the safety of the community and the best interests of the child.

Appellant's App. Vol 3, p. 107.

[11] S.W. does not challenge the accuracy of the juvenile court's statement, choosing instead to characterize the decision as "punitive." Appellant's Br. p. 13. We disagree. The record amply supports the court's determination that less restrictive alternatives have not caused S.W. to change his behavior. To the contrary, he continued to take photographs of underage girls and began abusing controlled substances. Commitment to the DOC was a reasonable and necessary means to encourage S.W. to reform, and we cannot conclude the court abused its discretion.

For the reasons stated above, we affirm the judgment of the trial court.

Affirmed.

Kirsch, J., and Bailey, J., concur.